## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

VERONICA JEFFRIES, o.b.o D.O.,

        Plaintiff,

    v.                           Case No.14-1141-RDR

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

        Defendant.

## <u>MEMORANDUM AND ORDER</u>

This is an action to review the final decision of the defendant Commissioner of Social Security that denied the application of Veronica Jeffries on behalf of her son, D.O. (hereinafter referred to as the plaintiff), for supplemental security income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 <u>et</u> <u>seq</u>. This matter has been fully briefed by the parties.  For the reasons explained below, the court affirms finding substantial evidence in the record to support the Commissioner's denial of benefits.

Jeffries filed an application for SSI benefits on behalf of her son on January 14, 2011.  She alleged a period of disability beginning on September 13, 2003.  The application was denied initially and on reconsideration.  Upon plaintiff's request, a hearing was held before an administrative law judge.  After taking evidence and considering the record, the ALJ denied benefits on

1

November 29, 2012.  Plaintiff's appeal to the Appeals Council was denied.  Thus, the decision of the ALJ is the final decision of the Commissioner.

This court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotation omitted).

The Social Security Act provides that "[a]n individual under the age of 18 shall be considered disabled ... if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I).

The ALJ is required to apply a three-step analysis when making a determination of whether a child is disabled. In order to find that a child is disabled, the ALJ must determine, in this order, (1) that the child is not engaged in substantial gainful activity, (2) that the child has an impairment or combination of impairments that is severe, and (3) that the child's impairment meets, medically equals,

or functionally equals a listed impairment. Briggs v. Massanari, 248 F.3d 1235, 1237 (10th Cir. 2001); 20 C.F.R. § 416.924(a).

If a child has a severe impairment which does not meet or medically equal any listing, the ALJ must decide whether the severe impairment results in limitations that functionally equal the listings. By "functionally equal the listings," the agency means that the severe impairment must be of listing level severity, i.e., it must result in marked limitations in two domains of functioning or an extreme limitation in one domain. 20 C.F.R. § 416.926a(a). The six domains to be considered are: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

A child has a "marked" limitation in a domain if an impairment seriously interferes with the child's "ability to independently initiate, sustain, or complete activities." Id. at § 416.926a(e)(2). A marked limitation may also be found if the child has a valid score that is two standard deviations or more below the mean, but less than three standard deviations, on the comprehensive standardized test designed to measure a particular domain, although the Commissioner will not rely solely on the test results. Id. at §§ 416.924a(a)(1)(ii), 416.926a(e)(2). If the interference is "very

serious [ ]", the limitation is considered "extreme." Id., at 416.926a(e)(3).

In assessing whether a child has "marked" or "extreme" limitations, the ALJ considers the functional limitations from all medically determinable impairments, including any impairments that are not severe. Id. at § 416.926a(a). The ALJ must consider the interactive and cumulative effects of the child's impairment or multiple impairments in any affected domain. Id. at § 416.926a(c). The ALJ is required to compare how appropriately, effectively and independently the child performs activities compared to the performance of children of the same age who do not have impairments. Id. at § 416.924a(b).

In his decision, the ALJ determined at step one that plaintiff, who was born on September 13, 2003, had not engaged in substantial gainful activity since the application date. At step two, the ALJ found that plaintiff had the following severe impairments: history of cleft palate, speech and language delays, auditory processing disorder, attention-deficit hyperactive disorder and mood disorder. At step three, the ALJ found in terms of the six functional equivalence domains that plaintiff has (1) less than marked limitation in acquiring and using information; (2) marked limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) no limitation in moving

4

about and manipulating objects; (5) less than marked limitation in the ability to care for himself; and (6) no limitation in health and physical well-being.  Since plaintiff does not have an impairment or combination of impairments that result in either "marked" limitations in two domains of functioning or "extreme" limitation in one domain of functioning, the ALJ concluded that plaintiff was not under a disability since the filing of the application on January 14, 2011.

Plaintiff's argument is directed at the ALJ's finding concerning his ability at attending and completing tasks.  Plaintiff contends that the ALJ failed to weigh two teacher questionnaires that showed that he was more limited than the ALJ assessed.  Relying upon Gills v. Astrue, 2008 WL 940829 (D.Kan. 2008) and SSR 06-03p, plaintiff suggests that substantial evidence does not support the ALJ's decision because he failed to weigh the opinions of the teachers in determining whether he had a marked limitation in acquiring and using information.  Plaintiff asserts that the court should remand this case to the ALJ to comply with SSR 06-03p by weighing the opinions of the teachers.

Teachers are "other sources" whose opinions may be considered to show the severity of a claimant's impairment.  See SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006).  As explained in SSR 06-03p: "'Non-medical sources' who have had contact with the individual in

5

their professional capacity such as teachers, school counselors, and social welfare personnel are not health care providers, are also valuable sources of evidence for assessing impairment severity and functioning.  Often, these sources have close contact with the individuals and have personal knowledge and expertise to make judgments about their impairment(s), activities, and level of functioning over a period of time." Id., at *3.  With respect to "other sources" evidence, SSR 06-03p states that an ALJ "generally should explain the weight given to opinions from these 'other sources'" or otherwise ensure the decision permits a reviewer to follow his or her reasoning. Id. at *6.

Here, the ALJ did not specifically assess the weight given to the questionnaires submitted by plaintiff's teachers.  In the portion of his decision where he discusses the various weights given to the opinions of the state agency reviewing doctors and a consultative examining speech pathologist, he fails to mention the opinions of the teachers.  However, in his discussion of the six functional equivalence domains, the ALJ addresses the teachers' opinions in considerable detail.  Specifically, with regard to his decision concerning plaintiff's ability to acquire and use information, he analyzes the teachers's opinions as follows:

> Although apparently experiencing greater difficulty
> in first grade, he has made academic improvement and
> progress in the second grade.  His class participation is

6

selectively low and he has some difficulty organizing his
thoughts; nonetheless, he reads and understands class
material and overall has a relatively slight problem in
this functional domain, according to his most recent
teacher.   Furthermore, said teacher notes that the
claimant is very capable of grade level work and he has
no trouble verbalizing his thoughts and answers when
encouraged and prompted to do so.

The court finds that the ALJ adequately complied with SSR 06-03p
by providing a significant enough review of the teachers' opinions
so that his reasoning could be followed.   In some detail, he
considered the teachers' opinions on each of the functional
equivalence domains.   He specifically addressed the opinions in
reaching his conclusion that plaintiff had a less than marked
limitation in acquiring and using information.   The court believes
that the entirety of the evidence before the ALJ supported his
interpretation of the teachers' opinions.   Plaintiff's second grade
teacher did describe only one area of serious limitation in the domain
of acquiring and using information which was a decided improvement
from the report of plaintiff's first grade teacher who had described
three areas of serious limitation in this domain, but the second grade
teacher also noted that he was "very capable" of grade level work and
that "[h]e works at his own pace, which is very slow, but has no trouble
with the tasks."   The ALJ compared the two reports and reasonably
determined that plaintiff's condition had improved by the second
grade.   Moreover, given that the relevant period did not start until

7

January 2011 (the time of plaintiff's application), it was reasonable for the ALJ to rely upon the second grade teacher's report because any impairment that he may have had in the first grade did not last the requisite twelve months.

This case differs from <u>Gills</u> because there the ALJ failed to even mention the opinion of a teacher who had taught plaintiff for five years.   2008 WL 940829, at *5.   The teacher had provided opinions that were contrary to other evidence in the record and the ALJ never expressly mentioned the teacher's questionnaire.   <u>Id</u>. Rather, the court noted that the ALJ "only vaguely and briefly summarized 'teacher reports' in his decision."   <u>Id</u>.   Without any reference to these reports, the court concluded that the case must be remanded to the ALJ to consider the opinions of the teacher in making findings with regard to the child.   <u>Id</u>.

The court is persuaded that the discussion of the teachers' reports in this case was adequate enough to allow the court to follow the ALJ's reasoning.   Although the ALJ's reasoning could have been expressed more clearly, the court believes that he adequately complied with the requirements of SSR 06-03p.   The court finds that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision shall be affirmed.

IT IS THEREFORE ORDERED that the decision of the Commissioner be hereby affirmed.

**IT IS SO ORDERED.**

Dated this 13TH day of March, 2015, at Topeka, Kansas.

**s/ RICHAR D. ROGERS**
Richard D. Rogers
United States District Judge